**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x

MARCY ZEVON, individually and on behalf of all others similarly situated,

                Plaintiff,

        -against-

SYNCHRONY BANK,

                Defendant.

-------------------------------------------------------------- x

Case No. 1:20-cv-07279-ER

### DEFENDANT SYNCHRONY BANK'S ANSWER TO COMPLAINT

Defendant Synchrony Bank ("Synchrony") hereby answers the Complaint filed by plaintiff Marcy Zevon ("Plaintiff") on September 4, 2020, as follows:

1.      Answering Paragraph 1 of the Complaint, Synchrony admits that Plaintiff purports to bring this action under the Truth in Lending Act ("TILA") and denies that it violated TILA or that Plaintiff, or anyone she purports to represent, is entitled to any relief whatsoever from Synchrony.

2.      Answering Paragraph 2 of the Complaint, Synchrony denies the allegations therein.

3.      Answering Paragraph 3 of the Complaint, Synchrony states that TILA speaks for itself and denies any allegations that are inconsistent therewith.  Except as expressly stated, Synchrony denies the allegations contained therein.

4.      Answering Paragraph 4 of the Complaint, Synchrony denies the allegations therein.

5.      Answering Paragraph 5 of the Complaint, Synchrony denies the allegations therein.

6.      Answering Paragraph 6 of the Complaint, Synchrony denies the allegations therein.

7.      Answering Paragraph 7 of the Complaint, Synchrony states that TILA speaks for

-1-

itself and denies any allegations that are inconsistent therewith.  Synchrony further denies any liability to Plaintiff, or anyone she purports to represent, and denies that Plaintiff, or anyone she purports to represent, is entitled to statutory damages pursuant to TILA, or any relief whatsoever from Synchrony.

8.      Answering Paragraph 8 of the Complaint, for purposes of this action only, Synchrony does not challenge subject matter jurisdiction but denies any liability to Plaintiff, or anyone she purports to represent, and denies that Plaintiff, or anyone she purports to represent, is entitled to any relief whatsoever from Synchrony.

9.      Answering Paragraph 9 of the Complaint, for purposes of this action only, Synchrony does not challenge subject matter jurisdiction with respect to Plaintiff's claims for alleged violations of TILA, but denies any liability to Plaintiff, or anyone she purports to represent, and denies that Plaintiff, or anyone she purports to represent, is entitled to any relief whatsoever from Synchrony.  Except as expressly stated, Synchrony denies the allegations contained therein.

10.      Answering Paragraph 10 of the Complaint, and for purposes of this action only, Synchrony does not challenge venue with respect to Plaintiff's claims for alleged violations of TILA, but denies any liability to Plaintiff, or anyone she purports to represent, and denies that Plaintiff, or anyone she purports to represent, is entitled to any relief whatsoever from Synchrony.

11.      Answering Paragraph 11 of the Complaint, Synchrony lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

12.      Answering Paragraph 12 of the Complaint, Synchrony states that this paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Synchrony states that TILA speaks for itself and denies any allegations that are inconsistent

therewith.  Except as expressly stated, Synchrony lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and, on that basis, denies the allegations contained therein.

13.     Answering Paragraph 13 of the Complaint, Synchrony states that it is a federally chartered savings association and an issuer of credit cards nationwide.  Except as expressly stated, Synchrony denies the allegations contained therein.

14.     Answering Paragraph 14 of the Complaint, Synchrony states that its charter home office is located in Draper, Utah.  Except as expressly stated, Synchrony denies the allegations contained therein.

15.     Answering Paragraph 15 of the Complaint, Synchrony states that this paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Synchrony states that TILA and Regulation Z, 12 C.F.R. pt. 1026, speak for themselves and denies any allegations that are inconsistent therewith.

16.     Answering Paragraph 16 of the Complaint, Synchrony admits that Plaintiff at one time had a Walmart-branded credit card account that was issued by Synchrony.  Except as expressly admitted, Synchrony lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

17.     Answering Paragraph 17 of the Complaint, Synchrony states that Exhibit A to the Complaint speaks for itself and denies any allegations that are inconsistent therewith.

18.     Answering Paragraph 18 of the Complaint, Synchrony lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

19.     Answering Paragraph 19 of the Complaint, Synchrony lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

20.     Answering Paragraph 20 of the Complaint, Synchrony denies the allegations contained therein.

21.     Answering Paragraph 21 of the Complaint, Synchrony denies the allegations contained therein.

22.     Answering Paragraph 22 of the Complaint, Synchrony admits that Plaintiff purports to bring this action as a putative class action and denies that class treatment is appropriate in this action.

23.     Answering Paragraph 23 of the Complaint, Synchrony admits that Plaintiff purports to bring this action as a putative class action and denies that class treatment is appropriate in this action.

24.     Answering Paragraph 24 of the Complaint, Synchrony admits that Plaintiff purports to bring this action as a putative class action, excluding from the putative class Synchrony, any entity in which Synchrony has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries or assigns of any such individual or entity, and denies that class treatment is appropriate in this action.

25.     Answering Paragraph 25 of the Complaint, Synchrony lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

26.     Answering Paragraph 26 of the Complaint, Synchrony denies the allegations contained therein.

27.     Answering Paragraph 27 of the Complaint, Synchrony lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

28.     Answering Paragraph 28 of the Complaint, Synchrony denies the allegations contained therein.

29.     Answering Paragraph 29 of the Complaint, Synchrony denies the allegations contained therein.

30.     Answering Paragraph 30 of the Complaint, Synchrony denies the allegations contained therein.

31.     Answering Paragraph 31 of the Complaint, Synchrony lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

32.     Answering Paragraph 32 of the Complaint, Synchrony denies the allegations contained therein.

33.     Answering Paragraph 33 of the Complaint, Synchrony denies the allegations contained therein.

34.     Answering Paragraph 34 of the Complaint, Synchrony lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

35.     Answering Paragraph 35 of the Complaint, Synchrony incorporates its responses to Paragraphs 1 through 34, above, as if fully set forth herein.

36.     Answering Paragraph 36 of the Complaint, Synchrony states that there are no allegations in Paragraph 36 directed at Synchrony and, therefore, no response is required.

37.     Answering Paragraph 37 of the Complaint, Synchrony states that there are no allegations in Paragraph 37 directed at Synchrony and, therefore, no response is required.

38.     Answering Paragraph 38 of the Complaint, Synchrony states that there are no allegations in Paragraph 38 directed at Synchrony and, therefore, no response is required.

39.     Answering Paragraph 39 of the Complaint, Synchrony states that there are no allegations in Paragraph 39 directed at Synchrony and, therefore, no response is required.  To the extent a response is required, Synchrony states that 15 U.S.C. § 1637(b) speaks for itself and denies any allegations that are inconsistent therewith.

40.     Answering Paragraph 40 of the Complaint, Synchrony states that there are no allegations in Paragraph 40 directed at Synchrony and, therefore, no response is required.  To the extent a response is required, Synchrony states that H.R. Rep. 111-88 (April 27, 2009) and S. Rep. 111-16 (May 4, 2009) speak for themselves and denies any allegations that are inconsistent therewith.

41.     Answering Paragraph 41 of the Complaint, Synchrony states that there are no allegations in Paragraph 41 directed at Synchrony and, therefore, no response is required.  To the extent a response is required, Synchrony states that 15 U.S.C. § 1640(a)(2)(A)(iii) speaks for itself and denies any allegations that are inconsistent therewith.

42.     Answering Paragraph 42 of the Complaint, Synchrony states that there are no allegations in Paragraph 42 directed at Synchrony and, therefore, no response is required.  To the extent a response is required, Synchrony states that 15 U.S.C. § 1637(b)(5) speaks for itself and denies any allegations that are inconsistent therewith.

43.     Answering Paragraph 43 of the Complaint, Synchrony states that there are no allegations in Paragraph 43 directed at Synchrony and, therefore, no response is required.  To the extent a response is required, Synchrony lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

44.     Answering Paragraph 44 of the Complaint, Synchrony states that there are no allegations in Paragraph 44 directed at Synchrony and, therefore, no response is required.  To the extent a response is required, Synchrony states that 12 C.F.R. § 1026.7(b)(4) speaks for itself and denies and allegations that are inconsistent therewith.

45.     Answering Paragraph 45 of the Complaint, Synchrony states that there are no allegations in Paragraph 45 directed at Synchrony and, therefore, no response is required.  To the extent a response is required, Synchrony states that Comment 7(b)(4)-1 speaks for itself and denies and allegations that are inconsistent therewith.

46.     Answering Paragraph 46 of the Complaint, Synchrony states that billing statements sent by Synchrony speak for themselves and denies any allegations that are inconsistent therewith. Except as expressly stated, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

47.     Answering Paragraph 47 of the Complaint, Synchrony states that billing statements sent by Synchrony speak for themselves and denies any allegations that are inconsistent therewith. Except as expressly stated, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein

48.     Answering Paragraph 48 of the Complaint, Synchrony denies that Plaintiff suffered any harm.  Except as expressly denied, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

49.     Answering Paragraph 49 of the Complaint, Synchrony denies the allegations contained therein.

50.     Answering Paragraph 50 of the Complaint, Synchrony denies the allegations contained therein.

51.     Answering Paragraph 51 of the Complaint, Synchrony denies the allegations contained therein.

52.     Answering Paragraph 52 of the Complaint, Synchrony denies the allegations contained therein.

53.     Answering subparagraph (1) of Plaintiff's Prayer for Relief, Synchrony denies that any class should be certified in this action and/or that this action is appropriate for class treatment.

54.     Answering subparagraph (2) of Plaintiff's Prayer for Relief, Synchrony denies that it violated TILA and denies that Plaintiff, or anyone she purports to represent, is entitled to statutory damages or any relief whatsoever from Synchrony.

55.     Answering subparagraph (3) of Plaintiff's Prayer for Relief, Synchrony denies that Plaintiff, or anyone she purports to represent, is entitled to actual damages or any relief whatsoever from Synchrony.

56.     Answering subparagraph (4) of Plaintiff's Prayer for Relief, Synchrony denies that Plaintiff, or anyone she purports to represent, is entitled to attorneys' fees, litigation expenses, costs or any relief whatsoever from Synchrony.

57.     Answering subparagraph (5) of Plaintiff's Prayer for Relief, Synchrony denies that Plaintiff, or anyone she purports to represents, is entitled to any relief whatsoever from Synchrony.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Synchrony alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Statute Of Limitations)

To the extent Plaintiff, or any person she purports to represent, seeks to assert a claim based on any action or inaction prior to September 4, 2019, such claim is barred by the applicable statute of limitations, 15 U.S.C. § 1640(e).

### SECOND AFFIRMATIVE DEFENSE
### (Recoupment/Set Off)

Synchrony is entitled to recoupment to the extent of any amounts owed by Plaintiff, or any person she purports to represent, at the time of any judgment entered in this matter.  Without limiting the foregoing, Synchrony is entitled to set off any delinquency in Plaintiff's or other putative class members' accounts against any recovery that may be obtained by Plaintiff or other putative class members under 15 U.S.C. § 1640(a).

### THIRD AFFIRMATIVE DEFENSE
### (Waiver)

The Complaint and each of its purported causes of action are barred by the conduct, actions and inactions of Plaintiff, or any person she purports to represent, which amount to and constitute a waiver of any right or rights that Plaintiff, or any person she purports to represent, may or might have in relation to the matters alleged in the Complaint.  Upon information and belief, Plaintiff was aware of the claims asserted in the Complaint but delayed asserting those claims.  Such delay has

caused substantial prejudice to Synchrony in that, among other things, evidence or testimony supporting Synchrony's affirmative defenses may no longer be available to Synchrony to defend against such claims.

**FOURTH AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiff, or any person she purports to represent, unreasonably delayed taking action in connection with the claims alleged in the Complaint, causing substantial prejudice to Synchrony, and any claims therefore are barred by the doctrine of laches.  Upon information and belief, Plaintiff was aware of the claims asserted in the Complaint but delayed asserting those claims. Such delay has caused substantial prejudice to Synchrony in that, among other things, evidence or testimony supporting Synchrony's affirmative defenses may no longer be available to Synchrony to defend against such claims.

**FIFTH AFFIRMATIVE DEFENSE**
**(Good Faith Conformity)**

All of the acts complained of in the Complaint, and each purported cause of action therein, were done or omitted in good faith and in conformity with a rule, regulation or interpretation thereof by the Bureau of Consumer Financial Protection or in conformity with an interpretation or approval by an official or employee of the Bureau duly authorized by the Bureau to issue such interpretations or approvals under such procedures as prescribed therefor.

**SIXTH AFFIRMATIVE DEFENSE**
**(Bona Fide Error)**

If any violation of law occurred, which is assumed only for the purpose of this affirmative defense, such violation was unintentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

-10-

**SEVENTH AFFIRMATIVE DEFENSE**
**(Correction of Errors)**

If any violation of law occurred, which is assumed only for the purpose of this affirmative defense, within sixty days after discovering such error pursuant to a final written examination report or notice or through Synchrony's own procedures, and prior to the institution of an action or the receipt of written notice of the error, Synchrony corrected such error.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

The Complaint, and each claim for relief and purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff lacks standing to pursue the alleged claims for relief or causes of action against Synchrony.

**NINTH AFFIRMATIVE DEFENSE**
**(Arbitration)**

Plaintiff purports to assert claims on behalf of individuals who have entered into binding arbitration agreements with Synchrony, and whose claims, if any, may only be resolved through individual arbitration.

**TENTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

Synchrony expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, Synchrony requests the following relief:

(1)     That the Complaint be dismissed with prejudice;

(2)     That Plaintiff take nothing from Synchrony by virtue of the Complaint;

(3)     That the Court award Synchrony its attorneys' fees, expenses and costs to the full

extent permitted by law; and

(4)     For such other and further relief as the Court deems just and proper.


Dated:  November 17, 2020                    STROOCK & STROOCK & LAVAN LLP


                                     By:    /s/ Daniel N. Bertaccini
                                            Daniel N. Bertaccini
                                            180 Maiden Lane
                                            New York, New York 10038
                                            Telephone: 212-806-5400
                                            Fax: 212-806-6006
                                            Email: dbertaccini@stroock.com

                                            *Attorneys for Defendant Synchrony Bank*